NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAQUILLE E., | : | |
|  | : | Case No. 2:19-cv-19338 (BRM) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| THOMAS DECKER, et al., | : | |
|  | : | |
| Respondents. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Shaquille E. ("Petitioner") challenging his prolonged detention during removal proceedings. (ECF No. 1, Petition ("Pet.").) At the time of filing, Petitioner was detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at Essex County Correctional Facility in Newark, New Jersey. For the reasons stated below, Petitioner's petition is **GRANTED**.

**I. BACKGROUND**

Petitioner is a native and citizen of Trinidad and Tobago. (Respondent's Answer ("Answer"), Ex. A, Notice to Appear, ECF No. 5.) Petitioner was admitted to the United States on or about May 6, 2000 as a non-immigrant visitor on a B-2 visa. (*Id.*) On January 17, 2013, Petitioner adjusted his status to lawful permanent resident. (*Id.*) On August 9, 2017, Petitioner was convicted in the Southern District of New York for the offenses of illegal possession and trafficking in device-making equipment in violation of 18 U.S.C. § 1029(a)(5). (*Id.*) Petitioner was sentenced to 15 months imprisonment. (*Id.*) On November 9, 2018, Petitioner was convicted of

receiving stolen property in the Superior Court of New Jersey. (Answer, Ex. C, Form I-261, Additional Charges of Inadmissibility/Deportability.)

On November 13, 2018, Petitioner was detained by ICE. (Pet. ¶ 11.) On the same day, Petitioner was served with a Notice to Appear charging him with removability pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act on the basis he has been convicted of an aggravated felony. (Answer, Ex. A; Declaration of Elizabeth Burgus ("Burgus Decl.") ¶ 6.) On December 12, 2018, Petitioner appeared for a master calendar hearing and bond hearing before an immigration judge ("IJ"). (Burgus Decl. ¶ 7.) The master calendar hearing was adjourned to January 24, 2019 to allow Petitioner time to seek representation, and the IJ took no action as to Petitioner's request for bond. (*Id.*) The IJ issued an order noting Petitioner had withdrawn his request for a bond hearing. (Answer, Ex. D, December 12, 2018 IJ Order.) On January 24, 2019, Petitioner appeared for a master calendar hearing, but the hearing was adjourned to March 13, 2019 to allow ICE to prepare. (Burgus Decl. ¶ 8.) ICE also served Petitioner and the court with additional charges of removability (Form I-261) based on Petitioner's November 8, 2018 conviction in New Jersey state court. (Answer, Ex. C, Form I-261 Additional Charges of Inadmissibility/Deportability.) On March 13, 2019, the hearing was adjourned to May 8, 2019 to allow Petitioner time to prepare and file an application for relief from removal. (*Id.* ¶ 9.) On May 8, 2019, the hearing was adjourned to June 26, 2019 to allow Petitioner additional time to prepare and file an application for relief from removal. (*Id.* ¶ 10.) On June 26, 2019, the hearing was adjourned to July 25, 2019 to allow Petitioner additional time to prepare and file an application for relief from removal. (*Id.* ¶ 11.) On July 25, 2019, the IJ adjourned the matter until August 8, 2019 to allow Petitioner additional time to prepare and file an application for relief. (*Id.* ¶ 12.)

On August 8, 2019, Petitioner appeared at the master calendar hearing and filed an application for relief from removal. (*Id.* ¶ 13.) The matter was reset to December 19, 2019 to an individual hearing on the merits of his application for relief. (*Id.*) Upon information and belief, the December 19, 2019 hearing was rescheduled to January 17, 2019, although the reason for the adjournment is not clear. (Answer 3.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49–95, 500 (1973); and (2) asserts his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

## III. DECISION

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on

whether the alien is to be removed from the United States, except as provided in subsection (c).

Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without

> regard to whether the alien may be arrested or imprisoned again for the same offense.

*Id.*

Here, both parties agree Petitioner is detained pursuant to § 1226(c) because his removal proceedings are ongoing, and he does not yet have a final order of removal. *See Leslie v. Attorney Gen.*, 678 F.3d 265, 268-69 (3d Cir. 2012).

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court determined § 1226(c) was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that, in most cases, detention under the statute lasted only a month and a half. Even in cases where an appeal was taken to the Board of Immigration Appeals, detention pursuant to § 1226(c) lasted an average of four months, indicating detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore*, detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

In *Diop*, the Third Circuit considered whether a petitioner was entitled to a bond hearing nearly three years into his detention under § 1226(c). 656 F.3d at 223–26. The Third Circuit held "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. The Third Circuit emphasized *Demore* relied on the fact that "mandatory detention pursuant to § 1226(c) lasts only for a 'very limited time' in the vast majority of cases," and, therefore, the result in *Demore* "may well have been different" if the

5

petitioner's detention had been "significantly longer than the average." *Diop*, 656 F.3d at 233–34 (quoting *Demore*, 538 U.S. at 529 & n.12). The Third Circuit thus interpreted § 1226(c) to "contain[] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." *Id.* at 235. Beyond that point—which can be determined only by a "fact-dependent inquiry[]"—the statute "yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose." *Id.* at 233-35.

In *Chavez-Alvarez*, the Third Circuit again determined § 1226(c) should be read to contain an implicit reasonableness limitation, and detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. 783 F.3d at 475. The Third Circuit further held, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. As in *Diop*, the Third Circuit again emphasized the "use of a balancing framework [that] makes any determination on reasonableness highly fact-specific." *Id.* at 474.

In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that 1226(c) did not authorize prolonged detention without a bond hearing. 138 S. Ct. 830 (2018). Applying the canon of constitutional avoidance, the Ninth Circuit had construed § 1226(c) to require an automatic bond hearing before the immigration judge at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible construction" and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when

6

detention becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18-4189, 2018 WL 2932726 (RWS), at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden v. Green*, 321 F. Supp. 3d 496, 501 (D.N.J. 2018) (finding as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Although the Third Circuit has not yet provided explicit guidance to lower courts regarding post-*Jennings* challenges to prolonged detention under § 1226(c), it stated in dicta "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)).

Courts in this district have found "the post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*." *See Glennis H. v. Rodriguez*, No. 18-16439, 2019 WL 2866069, at *2 (D.N.J. July 2, 2019) ("Whether detention under § 1226(c) is constitutional continues to be a function of the length of the detention, whereby the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues. Thus, at some point, detention under § 1226(c), in an

individual case, may become so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause") (internal citations and quotation marks omitted).

Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary the Due Process Clause requires a bond hearing. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal).

Here, Petitioner has been detained for over 16 months and argues his continued detention under § 1226(c) without a bond hearing violates his due process rights. Respondents acknowledge Petitioner may still make an as-applied challenge to his prolonged detention, but argue Petitioner "cannot meet his burden of showing that his detention has become unconstitutional as-applied to him merely due to the length of his appeals process, particularly when there has been no indication that his detention has become inconsistent with the purpose of 8 U.S.C. § 1226(c)." (Answer 8).

As a general matter, courts in this District have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention post-*Jennings*. *See*, *e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Malcolm A. H. v. Green*, 403 F. Supp. 3d 398, 402 (D.N.J. 2019) (14 months); *Aneury R.T.M. v. Green*, No. 18-14908, 2019 WL 3543670, at *3 (D.N.J. Aug. 5, 2019) (16 months); *Oscar B. v. Warden*, *Essex Cty. Corr. Facility*, No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019)

(16 months); *Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *Oscar B. v. Warden, Essex Cty. Corr. Facility*, No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *De Oliveira Viegas v. Green*, 370 F. Supp. 3d 443, 449 (D.N.J. 2019) (15 months).

Here, the Court need not decide whether detention for six months to a year (or slightly over a year) is unreasonable, as Petitioner has been detained for approximately 16 months, several months beyond the one-year discussed in *Chavez-Alvarez*. Respondents argue the length of Petitioner's detention is directly related to his multiple adjournment requests. (Answer 8.) However, notably, Respondents do not argue any of the adjournment requests were made in bad faith. Moreover, the immigration court clearly found the requests to be legitimate as each request was granted. Respondents also fail to consider that during Petitioner's proceedings, ICE filed additional charges of removability, which would certainly require additional time to prepare.

Therefore, having undertaken the fact sensitive inquiry as delineated in *Diop/Chavez-Alvarez*, the Court finds Petitioner's 16 month detention in Essex County Correctional Facility, with no evidence or even allegation of Petitioner's bad faith in his underlying immigration proceedings, has become unreasonably prolonged such that due process requires Petitioner be afforded an individualized bond hearing before an immigration judge. *See K.A,* 2018 WL 3742631, at *4; *Leslie*, 678 at 271 ("To conclude that Leslie's voluntary pursuit of such challenges renders the corresponding increase in time of detention reasonable, would effectively punish Leslie for pursuing applicable legal remedies . . . ."). The bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting *Diop* places the burden of proof on the government in § 1226(c) cases).

**IV. CONCLUSION**

       For the foregoing reasons, the Petition is **GRANTED**. An appropriate order follows.

Date: April 6, 2020

                                            */s/ Brian R. Martinotti*
                                            **HON. BRIAN R. MARTINOTTI**
                                            **UNITED STATES DISTRICT JUDGE**